1  Scott Edward Cole, Esq. (S.B. #160744)
   Laura Grace Van Note, Esq. (S.B. #310160)
2  Cody Alexander Bolce, Esq. (S.B. #322725)
   **COLE & VAN NOTE**
3  555 12th Street, Suite 1725
   Oakland, California 94607
4  Telephone:  (510) 891-9800
   Facsimile:   (510) 891-7030
5  Email:   sec@colevannote.com
   Email:   lvn@colevannote.com
6  Email:   cab@colevannote.com
   Web:     www.colevannote.com
7
8  Attorneys for Representative Plaintiff
   and the Plaintiff Class(es)

9

10                     **UNITED STATES DISTRICT COURT**

11                    **NORTHERN DISTRICT OF CALIFORNIA**

12

13  ALTON DO, individually, and on behalf of     **Case No.**
    all others similarly situated,
14                                               **CLASS ACTION**

15                          Plaintiff,           **COMPLAINT FOR DAMAGES,
    vs.                                          INJUNCTIVE AND EQUITABLE RELIEF
16                                               FOR:**
    FCA US LLC,
17                          Defendant.           1.  **VIOLATION OF THE SONG-BEVERLY
                                                     CONSUMER WARRANTY ACT;**
18                                               2.  **FALSE ADVERTISING;**
                                                 3.  **UNFAIR BUSINESS PRACTICES;**
19                                               4.  **NEGLIGENCE/FAILURE TO WARN;**
                                                 5.  **FRAUD**
20                                               6.  **BREACH OF IMPLIED CONTRACT;**
                                                 7.  **BREACH OF EXPRESS WARRANTY;**
21                                               8.  **BREACH OF THE IMPLIED
                                                     WARRANTY OF MERCHANTABILITY;**
22                                               9.  **UNJUST ENRICHMENT**

23                                               **[JURY TRIAL DEMANDED]**

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-1-

1  Representative Plaintiff alleges as follows:

2  **INTRODUCTION**

3  1.  Representative Plaintiff Alton Do ("Representative Plaintiff") brings this class

4  action against Defendant FCA US LLC dba Chrysler ("Defendant") for its failure to properly

5  disclose a dangerous and widespread defect among its 2017 and 2018 Pacifica Plug-in Electric

6  Hybrid Vehicle (PHEV) (the "Affected Vehicles"). Specifically, the battery and/or electrical

7  system are defective such that they are prone to exploding and/or catching fire.

8  2.  According to Car and Driver, Defendant is aware of no fewer than 10-12 fires

9  caused by this issue.[1] As described in the Safety Recall Report Defendant provided to the National

10 Highway Traffic Safety Administration ("NHTSA"), "[a] vehicle may experience a fire, even with

11 the ignition in the "OFF" mode."[2]

12 3.  Defendant became aware of the fire risk and began its investigation as early as

13 August 31, 2021.[3] From September 2021 to January 2022, it repurchased two vehicle for an origin

14 and cause investigation. [4] By February 2022, Defendant was aware of ten additional fires and

15 decided to conduct a voluntary safety recall of the affected vehicles on February 6, 2022.[5] The

16 total number of Affected Vehicles is 16,741.[6] Not only did Defendant not have a remedy for the

17 issued, ***it didn't even know what was causing it***.[7] Defendant also warned owners that they should

18 not charge the vehicles and should park them away from structurers and other vehicles.

19

20 **JURISDICTION AND VENUE**

21 4.  Jurisdiction is proper in this Court under 28 U.S.C. §1332 (diversity jurisdiction).

22 Specifically, this Court has subject matter and diversity jurisdiction over this action under 28

23 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum

24

25 [1] https://www.caranddriver.com/news/a39090742/chrysler-pacifica-hybrid-fire-recall/ (last accessed August 1, 2022).

26 [2] Available at, https://static.nhtsa.gov/odi/rcl/2022/RCLRPT-22V077-3486.PDF (last accessed August 1, 2022).
   [3] *Id.*

27 [4] *Id.*
   [5] *Id* (Recall No. 22v-077).

28 [6] *Id.*
   [7] *Id.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-2-

1    or value of $5 million, exclusive of interest and costs, there are more than 100 members in the

2    proposed class, and at least one other Class Member is a citizen of a state different from

3    Defendants.

4          5.      Supplemental jurisdiction to adjudicate issues pertaining to California state law is

5    proper in this Court under 28 U.S.C. §1367.

6          6.      Defendant routinely conducts business in California, has sufficient minimum

7    contacts in California and has intentionally availed itself of this jurisdiction by marketing and

8    selling products and services, and by accepting and processing payments for those products and

9    services within California.

10         7.      Venue is proper in this Court under 28 U.S.C. § 1391 because the events that gave

11    rise to Representative Plaintiff's claims took place within the Northern District of California, and

12    Defendant does business in this Judicial District.

### **PLAINTIFF**

15         8.      Representative Plaintiff is an adult individual and, at all relevant times herein, a

16    resident of the State of California. Representative Plaintiff purchased an Affected Vehicle at South

17    County of Marin Chrysler in Corte Madera, California.

18         9.      Plaintiff purchased and has been, at all relevant times herein, an owner of an

19    Affected Vehicle—a granite colored 2018 Chrysler Pacifica Hybrid.[8] Plaintiff purchased his

20    Affected Vehicle in part because of the increased efficiency promised by a PHEV. Since the recall,

21    Plaintiff has not plugged in his affected vehicle such that its battery is not charged and, therefore,

22    the vehicle is operable solely through its 3.6-liter internal combustion engine.

23        10.      In addition to the loss of the benefit of the bargain, Plaintiff has also experienced

24    emotional distress due to the dangerous condition of the vehicle. As Defendant has not, as of this

25    time, either fixed the vehicle such that the fire risk is eliminated or provided Plaintiff with another

26    vehicle which could be safely operated, Plaintiff and his family have been forced to drive their

27    Pacifica, despite its dangerous condition. The reasonable fear that his vehicle could be the next to

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

[8] Vin No. 2C4RC1H70JR339712.

-3-

spontaneously combust and injure or kill he or his family has created an intense feeling of fear and anxiety.

11.     Plaintiff has made four separate attempts to have the vehicle repaired by Defendant. Each attempt resulted failure, with Defendant's technicians informing him that there was no fix for the defect and reiterating that he should not charge it or keep it indoors.

12.     Still today, a year after Defendant was first put on notice of the dangerous defect in the Affected Vehicle, it has not identified a fix such that these vehicles are still not safely operable.

13.     At all times herein relevant, Representative Plaintiff is and was a member of each of the Classes.

14.     As a result of the recall, Representative Plaintiff spent time dealing with the consequences of the recall, which included and continues to include, time spent attempting to have his vehicle repaired and seeking legal counsel This time has been lost forever and cannot be recaptured.

## **DEFENDANT**

15.     Defendant is a Delaware corporation with a principal place of business located at 1000 Chrysler Drive Auburn Hills, Michigan 48326.

16.     Defendant is an automobile manufacturer. It is division of Stellantis N.V., a multinational automotive business based in the Netherlands.

17.     The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged here are currently unknown to Representative Plaintiff. Representative Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of such other responsible parties when their identities become known.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

**CLASS ACTION ALLEGATIONS**

18.     Representative Plaintiff brings this action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and the following classes/subclass(es) (collectively, the "Classes"):

**Nationwide Class:**
"All individuals within the United States of America who purchased, leased, or owned a vehicle subject to recall number 22v-077.

**California Subclass:**
"All individuals within the State of California who purchased, leased, or owned a vehicle subject to recall number 22v-077.

19.     Excluded from the Classes are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state, or local governments, including but not limited to their departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as their immediate family members.

20.     Also, in the alternative, Representative Plaintiff requests additional Subclasses as necessary.

21.     Representative Plaintiff reserves the right to amend the above definition or to propose subclasses in subsequent pleadings and motions for class certification.

22.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed classes is easily ascertainable.

a.     Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible. Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is in the tens of thousands of individuals. Membership in the classes will be determined by analysis of Defendant's records.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

b.      Commonality: Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1.      Whether Defendant breached a legal duty to Representative Plaintiff and Class Members in the designing, marketing, selling, maintaining and/or providing of updated information regarding the Affected Vehicles;

2.      Whether the Affected Vehicle design was reasonable, adequate, and appropriate vis-a-vis the expected and intended usage of those products, in light of the standards recommended by industry experts;

3.      Whether Defendant designed the Affected Vehicles and/or failed to warn Representative Plaintiff and Class Members in a manner below industry standards, and whether these failures proximately led to Class Members' injuries;

4.      Whether Defendant failed to comply with its own policies and applicable laws, regulations and industry standards relating to vehicle design;

5.      Whether Defendant adequately, promptly and accurately informed Representative Plaintiff and Class Members of the Affected Vehicles' defect;

6.      How and when Defendant actually learned of the defect;

7.      Whether Defendant failed to adequately respond to the defect, including failing to investigate it diligently and notify affected individuals in the most expedient time possible and without unreasonable delay, and whether this caused damages and/or additional damages to Representative Plaintiff and Class Members;

8.      Whether Defendant engaged in unfair, unlawful or deceptive practices by failing to design, test, monitor, and warn Representative Plaintiff and Class Members of the dangers inherent in using its Affected Vehicles;

9.      Whether Representative Plaintiff and Class Members are entitled to restitution as a result of Defendant's wrongful conduct.

c.      Typicality: Representative Plaintiff's claims are typical of the claims of the Plaintiff Classes. Representative Plaintiff and all members of the Plaintiff Classes sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

d.     Adequacy of Representation: Representative Plaintiff in this class action is an adequate representative of each of the Plaintiff Classes in that Representative Plaintiff has the same interest in the litigation of this case as the Class Members, is committed to vigorous prosecution of this case and has retained competent counsel who are experienced in conducting litigation of this nature. Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other Class Members or the classes in its entirety. Representative Plaintiff anticipates no management difficulties in this litigation.

e.     Superiority of Class Action: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of the Plaintiff classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of other Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

23.     This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to Class Members, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class(es) in its/their entirety. Defendant's policies and practices challenged herein apply to and affect Class Members uniformly and Representative Plaintiff's challenge of these policies and practices hinges on Defendant's conduct with respect to the Class(es) in its/their entirety, not on facts or law applicable only to Representative Plaintiff.

24.     Unless a Class-wide injunction is issued, Defendant may continue to act unlawfully as set forth in this Complaint.

25.     Further, Defendant has acted or refused to act on grounds generally applicable to the Classes and, accordingly, final injunctive, or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**COMMON FACTUAL ALLEGATIONS**

**The Chrysler Pacifica PHEV**

26.     The Chrysler Pacifica was first produced as a crossover sports utility vehicle in 2003. After being discontinued in 2009, the model name "Pacifica" got new life when Chrysler decided to rebrand its Town & Country minivan as the Pacifica for the 2017 model year. It is currently one of the top selling minivans in the country, with over 47,000 sold in 2021 alone.[9]

27.     In addition to the traditional gasoline engine, Chrysler offers a Pacifica PHEV, which it bills as "America's Only Plug-in Hybrid Minivan."[10] The PHEV sub-model comes with twin powertrains, a 3.6-liter gasoline engine and a 16kWh lithium-ion battery.

28.     PHEVs are a bridge between traditional gasoline powered vehicles and fully electric (i.e., battery powered) vehicles. Thus, they are attractive for individuals wishing to reap some of the benefits of electric vehicles without committing to a wholly battery powered vehicle. While the battery can be plugged in for charging (unlike a traditional hybrid), the vehicle can continue operating even after the battery dies by relying entirely on its gasoline engine.

29.     In addition to convenience, PHEVs offer the additional benefits of improved acceleration and fuel economy. For example, the Pacifica PHEV gets an estimated 82 MPGe while running on battery power and averages about 30 MPG while operating as a hybrid.[11] Conversely, the non-PHEV Pacifica gets only 19 MPG in the city 28 on the highway.[12]

30.     So, while the PHEV is significantly more expensive,[13] many buyers are willing to spend more for the PHEV sub-model based on anticipated future fuel savings. This appealed to Representative Plaintiff in particular, given that he resides in a low-density exurb which has little alternative means of transportation and often requires travelling great distances to perform simple errands such as going to the grocery store. As such, Plaintiff purchased the vehicle and paid a

---

[9] *See*, https://www.newsweek.com/5-best-selling-minivans-us-2021-1606360 (last accessed August 2, 2022).
[10] *See*, https://www.chrysler.com/pacifica/hybrid.html (last accessed August 2, 2022).
[11] *See*, https://www.marketwatch.com/story/the-2022-chrysler-pacifica-hybrid-minivan-this-spacious-plug-in-hybrid-performs-its-duties-admirably-including-the-equivalent-of-about-82-mpg-11648237728?mod=home-page#:~:text=The%202022%20Chrysler%20Pacifica%20Hybrid%20minivan%20has%20exceptional%20fuel%20economy,the%20equivalent%20of%2082%20mpg. (last accessed August 2, 2022).
[12] *See*, https://www.fueleconomy.gov/feg/bymodel/2021_Chrysler_Pacifica.shtml (last accessed August 2, 2022).
[13] According to Kelly Blue Book, the PHEV version starts at $46,760 (plus a destination charge) while the gasoline-only one starts at just $37, 095.

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1   substantial premium for the PHEV Pacifica, in part, because he expected to enjoy significant cost

2   savings over the life of the car because of the improve efficiency. Instead, he can no longer operate

3   the vehicle via battery power only since Defendant has warned him against charging it. As such,

4   Representative Plaintiff has been denied much of the benefit he expected to receive when

5   purchasing this vehicle.

6

7   **Defendant Touted the PHEV Sub-model's Exceptional Fuel Economy**

8       31.    Indeed, Defendant's marketing materials indicate it well understood the appeal of

9   a PHEV minivan. Defendant was quick to tout it as the only PHEV minivan on the US market. For

10  the 2018 model year, it ran an ad campaign for the PHEV model which featured actor Dax Shepard

11  explaining the benefits of a plug in hybrid to characters from the children's show Sesame Street.[14]

12  This commercial. which was featured on television and Defendant's social media channels,

13  expressly mentioned the car's 33 MPG fuel economy estimate.[15]

14      32.    Perhaps unsurprising given its large market for battery powered vehicles,

15  Defendant targeted California for its initial marketing campaign for the PHEV sub-model.

16  Defendant touted it as the "Official Family Vehicle of California."[16] This marketing campaign

17  targeted California through broadcast, print, radio, digital, and other physical media such as

18  billboards.[17] Defendant's Head of Passenger Car Brands for North America claimed that "[w]ith

19  84 miles MPGe in electric-only mode, 33 miles of all-electric range and seating for seven, the

20  Chrysler Pacifica Plug-in Hybrid minivan is hands-down the most fuel-efficient family vehicle."[18]

21      33.    Another commercial for the 2017 model year touting the benefits of PHEVs

22  involved flying pigs. It targeted individuals who never thought they could own a battery powered

23

24

25

26  [14] *See*, https://www.greencarreports.com/news/1112989_chrysler-pacifica-hybrid-gets-ad-support-from-sesame-street-characters (last accessed August 2, 2022).

27  [15] *Id.*

    [16] *See*, https://media.stellantisnorthamerica.com/newsrelease.do?id=18619&mid= (last accessed August 2, 2022).

28  [17] *Id.*

    [18] *Id.*

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

car (or, at least, only when pigs fly). Unsurprisingly, this ad again focuses on the vehicle's exceptional fuel economy.[19]

34.     In short, Defendant's marketing materials touted the increased fuel economy of the PHEV sub-model (indeed, those materials expressly promise fuel savings) and caused Representative Plaintiff and Class Members to believe the additional expense for the PHEV model was worth it.

35.     Based on these and other advertisements, Representative Plaintiff and Class Members were induced to purchase an Affected Vehicle based on Defendant's statements about the advantageous of a PHEV, believing that they would reap those advantages. Since receiving the recall notice, these individuals have not been able to operate their vehicles through battery power only and, therefore, have been denied use of a feature that was crucial to their decision to purchase an Affected Vehicle.

**Defendant Marketed the Vehicle as Being Exceptionally Safe**

36.     In addition to emphasizing Affected Vehicles' exceptional fuel economy, Defendant also marketed them based on their purported safety.

37.     The official brochure for the 2017 year model touted the vehicle's safety-focused design, "starting with strategically placed dual-phase, high-strength, lightweight steel, resulting in a strong safety cage that contributes to impact protection."[20] It further describes the vehicle as "the most technologically advanced vehicle in its class" and claimed the "Pacifica transforms passenger productivity, entertainment and safety technology with the future of applied science and automation."[21]

38.     "Your family's safety and security are what matter most" the brochure proclaims. Further stating that "[o]ver 100 standard and available safety and security features including advanced driver assistance features which help you to park, break in the event that you need it, as

---

[19] *See*, https://cleantechnica.com/2017/05/01/chrysler-pacifica-hybrid-commercial-scores-ft-dantes-inferno-flying-pigs/ (last accessed August 2, 2022).
[20] *See*, https://cdn.dealereprocess.org/cdn/brochures/chrysler/2017-pacifica.pdf (August 3, 2022).
[21] *Id*.

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

well as alert you of vehicles in your blind spot."[22] It also, describes some of these features, including rearview cameras, blind spot monitors, and lane departure warnings.[23] Defendant made the same or substantially similar statements about the 2018 model year as well.

39.     These statements (and others) by Defendant were likely to and did cause reasonable consumers to believe that Affect Vehicles were not only generally safe but were ***exceptionally safe*** in relation to other vehicles. Nothing Defendant's marketing or promotional materials identifies the defect which causes the fire risk in the PHEV sub-model.

40.     Accordingly, Representative Plaintiff and Class Members expected, in reasonable reliance on Defendant's representations, that they were receiving vehicles that were not only reasonably safe, but vehicles that includes safety features that made the vehicles unusually safe. Instead, they received vehicles which were ***unsafe***—due to the risk of fire—and not suitable for the purpose for which they were purchased.

41.     In short, Affected Vehicles do not perform as advertised by Defendant. They expected these vehicles could be operated by battery only and would be safe, reliable vehicles for their families. Instead, they ***actually*** received vehicles that were a serious risk to them and their families, could only operate with assistance of the internal combustion engines, and could not even be stored inside or near other vehicles or structures.

**Defendant's Previous Recalls**

42.     While this recall was not announced until February 2022, Defendant previously recalled 27,634 Pacifica PHEV for another fire related problem in 2020.[24] While Defendant purported to find a fix for this issue, the existence of previous issues with the batter/electrical system for Affected Vehicles put Defendant on notice of potential issues.

43.     As such, Defendant knew, or should have known, of the dangerous condition of Affected vehicles long before it issued its recall in February 2022. This failure to timely warn

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

---

[22] *Id.*
[23] *Id.*
[24] *See*, https://www.consumerreports.org/car-recalls-defects/dont-plug-in-pacifica-hybrids-due-to-fire-risk-chrysler-says-a7408763338/#:~:text=After%2012%20reports%20of%20cars (last accessed August 3, 2022).

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1   Representative Plaintiff and Class Members of the defect caused significant harm to

2   Representative Plaintiff and Class Members.

3

4                          **FIRST CLAIM FOR RELIEF**
                 **Violation of the Song-Beverly Consumer Warranty Act**
5                        **(On behalf of the California Class)**

6        44.   Each and every allegation of the preceding paragraphs is incorporated in this cause

7   of action with the same force and effect as though fully set forth herein.

8        45.   Defendant violated the Song-Beverly Consumer Warranty Act (hereinafter the

9   "SBA") by, among other things, violating the implied warranties of merchantability by knowingly

10  selling Affected Vehicles that were unsuitable for their expected and intended use and were,

11  therefore, not fit for the ordinary purpose for which the goods were intended to be sold.

12       46.   Plaintiff and Class Members are "buyers," as those terms are defined and/or used

13  in the SBA of the Affected Vehicles.

14       47.   Defendant is a "manufacturer" and/or "distributor," as those terms are defined

15  and/or used in the SBA of the Affected Vehicles.

16       48.   Each Covered Product was accompanied by an implied warranty that they were

17  merchantable pursuant to California Civil Code §1792.

18       49.   The Affected Vehicles were not fit for the ordinary purpose for which such goods

19  are typically used and were not of the same quality as those generally acceptable in the trade

20  because they maintained a defect, as detailed in this Complaint, that caused the vehicles to explode

21  and/or catch fire.

22       50.   The Affected Vehicles did not measure up to the promises or facts stated in

23  Defendant's marketing and/or on the Affected Vehicles packaging, namely that they were and

24  would operate as safe and reliable hybrid vehicles that could be powered, at least in part, through

25  their batteries and without fear combustion.

26       51.   Defendant's misconduct was a substantial factor in causing, and did proximately

27  cause, Representative Plaintiff' and Class Members' injury and economic loss.

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

                                        COMPLAINT FOR DAMAGES,
                                  INJUNCTIVE AND EQUITABLE RELIEF

52. Representative Plaintiff and Class Members suffered harm, damages and economic loss, and Representative Plaintiff and Class Members will continue to suffer such harm, damages, and economic loss in the future. Additionally, Representative Plaintiff and Class Members are entitled to recover all incidental and consequential damages pursuant to California Civil Code §§1794, *et seq.* and Commercial Code §§2714 and 2715, *et seq.*

53. Defendant's conduct was gross, reckless, and in bad faith and/or occurred with willful disregard of the rights and interest of Representative Plaintiff and Class Members. Defendant acted intentionally, maliciously and oppressively, with a willful and conscious disregard of the rights of Representative Plaintiff and Class Members, so as to constitute oppression, fraud, and/or malice under the law.

54. Representative Plaintiff and Class Members are entitled to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses and actual attorneys' fees reasonably incurred in connection with the commencement and prosecution of this action, along with prejudgment interest, pursuant to Civil Code §3287.

**SECOND CLAIM FOR RELIEF**
**False Advertising**
**(Cal. Bus. & Pro. Code §17500, *et seq.*)**
**(On behalf of the California Subclass)**

55. Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

56. Business and Professions Code Section 17500, et seq., also known as California False Advertising Law (FAL), makes it unlawful for a business to make, disseminate, or cause to be made or disseminated to the public "any statement, concerning . . . real or personal property… which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

57. Defendant violated the FAL by making or causing to be made false statements regarding the utility and safety of Affected Vehicles. These statements were false and deceptive as they caused reasonable consumers to believe Affected Vehicles could be safely operated as PHEVs. Defendant misstated the safety and utility of Affected Vehicles such that purchasers, in

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1   reasonable reliance on Defendant's statements, expected to receive a different vehicle than what

2   they in-fact received.

3       58.    Defendant disseminated materially misleading advertisements and deceptive

4   information in print, online, and television formats, and omitted material information, as discussed

5   throughout the Complaint, for purposes of inducing customers to purchase the Affected Vehicles,

6   in violation of California Business and Professions Code § 17500, *et seq*. Defendant knew, or

7   should have known, these statements to be false and/or misleading at the time of making them.

8       59.    As a result of Defendant's violations, Plaintiff and Class Members are entitled to

9   equitable relief in the form of full restitution of all monies paid for the sales price of the Affected

10   Vehicles, diminished value of the Affected Vehicles, and/or disgorgement of the profits derived

11   from Defendant's false and misleading advertising.

12

**THIRD CLAIM FOR RELIEF**
**Unfair Business Practices**
**(Cal. Bus. & Prof. Code, §17200, *et seq*.)**
**(On behalf of the California Class)**

13

14

15       60.    Each and every allegation of the preceding paragraphs is incorporated in this cause

16   of action with the same force and effect as though fully set forth herein.

17       61.    Representative Plaintiff and members of the California Subclass further bring this

18   cause of action, seeking equitable and statutory relief to stop the misconduct of Defendant, as

19   complained of herein.

20       62.    Defendant has engaged in unfair competition within the meaning of California

21   Business & Professions Code §§17200, *et seq.*, because Defendant's conduct is unlawful, unfair

22   and fraudulent, as herein alleged.

23       63.    Representative Plaintiff, the members of the California Subclass, and Defendant are

24   each a "person" or "persons" within the meaning of § 17201 of the California Unfair Competition

25   Law ("UCL").

26       64.    The UCL prohibits any unlawful, unfair or fraudulent business practices or acts.

27       65.    Defendant's sub-standard design of the Affected Vehicles, failure to warn of the

28   grave dangers of continued use of the Affected Vehicles, failure to provide a remedy for the defects

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

therein, failure to timely recall the Affected Vehicles, and/or Defendant's deceptive misrepresentations, concealments, and suppressions of material fact, as alleged herein, all constitute unlawful and/or fraudulent business practices, as set forth in California Business & Professions Code §§17200-17208, including violating the UCL's unlawful, unfair as well as fraudulent prongs. Specifically, Defendant conducted business activities for years while failing to comply with the legal mandates cited herein.

66.     Defendant knew or should have known that its Affected Vehicles were inadequate for the purposes for which they were marketed and sold.

67.     In engaging in these unlawful business practices, Defendant has enjoyed an advantage over its competition and a resultant disadvantage to the public and members of the California Subclass.

68.     Defendant's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Defendant's competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§17200-17208.

69.     Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the injuries and damages to Representative Plaintiff and members of the California Subclass herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful and honest business practices ordinarily borne by responsible competitors of Defendant and as set forth in legislation and the judicial record.

70.     The UCL is, by its express terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under separate statutory schemes and/or common law remedies, such as those alleged in the other Counts of this Complaint. *See* Cal. Bus. & Prof. Code § 17205.

71.     Representative Plaintiff and members of the California Subclass request that this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing its unfair, unlawful, and/or deceptive practices and to restore to Representative Plaintiff and members

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1    of the California Subclass any money Defendant acquired by unfair competition, including

2    restitution and/or equitable relief, including disgorgement or ill-gotten gains, refunds of moneys,

3    interest, reasonable attorneys' fees, filing fees, and the costs of prosecuting this class action, as well

4    as any and all other relief that may be available at law or equity.

5

6                          **FOURTH CLAIM FOR RELIEF**
                            **Negligence/Failure to Warn**
7                        **(On behalf of the Nationwide Class)**

8         72.    Each and every allegation of the preceding paragraphs is incorporated in this cause

9    of action with the same force and effect as though fully set forth herein.

10        73.    At all times herein relevant, Defendant owed a duty of care to Representative

11   Plaintiff and Class Members to act with reasonable care so as not to provide vehicles that posed a

12   risk to them and their families.

13        74.    Defendant breached its general duty of care to Representative Plaintiff and Class

14   Members in, but not necessarily limited to, failing to adequately warn Representative Plaintiff and

15   Class Members of the dangers of Affected Vehicles, including the legitimate threat of fire, and in

16   failing to comply with applicable industry standards, and state and federal laws, rules, regulations

17   and standards.

18        75.    Representative Plaintiff is informed and believes and, based thereon, alleges that

19   Defendant's breaches of its respective duties of care were substantial factors, as set forth above, in

20   causing Representative Plaintiff' and Class Members' injuries and economic losses.

21        76.    As a direct and proximate result of the above-described willful and unlawful

22   conduct of Defendant, Representative Plaintiff and Class Members sustained damages, as set forth

23   in this Complaint.

24

25                          **FIFTH CLAIM FOR RELIEF**
                                      **Fraud**
26                      **(On behalf of the California Subclass)**

27        77.    Each and every allegation of the preceding paragraphs is incorporated in this cause

28   of action with the same force and effect as though fully set forth herein. Based on Defendant's

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1    conduct as discussed above, Defendant has engaged in fraud and deceit as set forth in California

2    Civil Code §§ 1710, and 3294.

3        78.    Defendant overstated the utility and safety of Affected Vehicles by marketing the

4    Affected Vehicles as having over 100 safety and security features to keep consumers safe, and as

5    the most family friendly minivan in its class, knowing that such representations were false.

6        79.    Consumers, including Representative Plaintiff, reasonably relied on these

7    statements and were, on that basis, induced to purchase Affected Vehicles. If Representative

8    Plaintiff understood the actual safety and utility of Affected Vehicles, he would not have purchased

9    the vehicle or surrender as much in return for the vehicle as he did.

10       80.    Defendant's failure to inform Representative Plaintiff of the defect is a fraudulent

11    omission as the ability of the vehicle to be safely operable as a PHEV is a material fact.

12       81.    Defendant's fraudulent statements and/or omissions substantially caused the

13    injuries/damages Representative Plaintiff has experienced because he would not have purchased

14    the vehicle had he known its true condition.

15       82.    In addition to economic damages, Plaintiff seeks punitive or exemplary damages

16    pursuant to California Civil Code § 3294 in that Defendant engaged in "an intentional

17    misrepresentation, deceit, or concealment of a material fact known to the defendant with the

18    intention on the part of the defendant of thereby depriving a person of property or legal rights or

19    otherwise causing injury."

20

21                          **SIXTH CLAIM FOR RELIEF**
                            **Breach of Implied Contract**

22                   **(On behalf of the Nationwide Class)**

23       83.    Each and every allegation of the preceding paragraphs is incorporated in this cause

24    of action with the same force and effect as though fully set forth herein.

25       84.    Through its course of conduct, Defendant, Representative Plaintiff, and Class

26    Members entered into implied contracts for Defendant to provide safe vehicles that could operate

27    as PHEV.

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

85.    A meeting of the minds occurred when Representative Plaintiff and Class Members agreed to, and did, purchase vehicles from Defendant, based on the understanding those vehicles had a reasonable level of safety and utility. Specifically, that they could be safely operable as PHEV and were not prone to spontaneous combustion that prevent the car from being near structures or other vehicles. The vehicle Representative Plaintiff received does not meet this standard, in violation of the implied contract between Representative Plaintiff and Defendant.

86.    Representative Plaintiff and Class Members fully performed their obligations under the implied contracts with Defendant.

87.    Defendant breached the implied contracts it made with Representative Plaintiff and Class Members by failing to provide vehicles that met the safety and utility standards to which the parties agreed.

88.    As a direct and proximate result of Defendant's above-described breach of implied contract, Representative Plaintiff and Class Members have suffered (and will continue to suffer) (a) ongoing, imminent, and impending threat of injury from the Affected Vehicles; (b) loss of the benefit of the bargain; (c) loss of value of the vehicle purchased; (d) lost time attempting to have the vehicle repaired; (e) additional money spent on fuel since the vehicle cannot be operated as a PHEV; and (f) other economic and non-economic harm.

### SEVENTH CLAIM FOR RELIEF
**Breach of Express Warranty**
**(Cal. Civ. Code §§ 1791 & 1794)**
**(On behalf of the California Subclass)**

89.    Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

90.    Defendant warranted to Plaintiff and Class Members through written statements and multi-media advertisements that the Affected Vehicle would work safely and securely, and could be charged safely. The Affected Vehicles did not do so, in breach of the warranty.

91.    The failure of the Affected Vehicles to be as represented was a substantial factor in causing Plaintiff and Class Member's harm because they were required to stop using Affected

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

1   Vehicles and fear immediate catastrophic injury to themselves and passengers of the Affected

2   Vehicles, and people and property surrounding the Class Vehicle.

3        92.    Representative Plaintiff and the California Class have been damaged as a direct and

4   proximate result of Defendant's breaches in that the Affected Vehicles purchased by Plaintiff and

5   the Class Members were and are worth far less than what Plaintiff and the Class Members paid to

6   purchase or lease them.

7        93.    The Affected Vehicles were defective as herein alleged at the time they left

8   Defendant's factories, and the vehicles reached Plaintiff and Class Members without substantial

9   change in the condition in which they were sold.

10       94.    As a direct and proximate result of these breaches, Plaintiff and the Class Members

11  have suffered various injuries, including a diminution of value in the Affected Vehicles.

12       95.    Representative Plaintiff and Class Members have been harmed by Defendant's

13  failure to comply with its obligations under the implied warranty. Representative Plaintiff and the

14  Class Members have suffered an injury in fact and have suffered an economic loss by, inter alia,

15  (1) purchasing a product they never would have leased or purchased; (2) leasing or purchasing an

16  inferior product whose nature and characteristics render it of a lesser value than represented; (3)

17  incurring costs for diminished resale value of the Affected Vehicles purchased or leased; (4)

18  leasing and/or purchasing a product that poses a danger to the health and safety of the public; (5)

19  including increased costs to repair the Affected Vehicles purchased, and (f) incurring costs for loss

20  of use. Accordingly, the Court should issue an injunction restraining and enjoining Defendant from

21  sending or transmitting false and misleading advertising to individuals or entities concerning the

22  purported safety and quality of the Affected Vehicles from Defendant.

23  

24                   **EIGHTH CLAIM FOR RELIEF**
**Breach of the Implied Warranty of Merchantability**
**(Cal. Civ. Code §§ 1791.1, 1794, & 1795.5)**

25                **(On behalf of the California Subclass)**

26       96.    Each and every allegation of the preceding paragraphs is incorporated in this cause

27  of action with the same force and effect as though fully set forth herein.

28  

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

97.     Pursuant to Civil Code section 1792, the sale or lease of the Affected Vehicles were accompanied by Defendant's implied warranty of merchantability. Pursuant to Civil Code § 1791.1, the duration of the implied warranty is coextensive in duration with the duration of the express written warranty provided by Defendant, except that the duration is not to exceed one-year.

98.     Pursuant to Civil Code section 1791.1 (a), the implied warranty of merchantability means and includes that the Affected Vehicles will comply with each of the following requirements: (1) The Vehicle will pass without objection in the trade under the contract description; (2) The Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labelled; (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

99.     Plaintiff and Class Members bought or leased their Affected Vehicles from Defendant. At the time of purchase or lease, Defendant was in the business of selling or leasing Affected Vehicles and held itself out as having special knowledge or skill regarding Affected Vehicles.

100.     At the time of purchase, or within one-year thereafter, the Affected Vehicles contained or developed the defect and risk of spontaneous combustion of Affected Vehicles set forth above. The existence of each of these issues constitutes a breach of the implied warranty because the Affected Vehicles (1) do not pass without objection in the trade under the contract description, (2) are not fit for the ordinary purposes for which such goods are used, (3) are not adequately contained, packaged, and labelled, and (4) do not conform to the promises or affirmations of fact made on the container or label.

101.     The failure of Affected Vehicles to have the expected quality was a substantial factor in causing Plaintiff and Class Member's harm and they therefore bring this Cause of Action pursuant to Civil Code section 1794.

102.     Plaintiff and Class Members have been harmed by Defendant's failure to comply with its obligations under the implied warranty. Plaintiff and the Class Members have suffered an injury in fact and have suffered an economic loss by, inter alia, (1) purchasing a product they never

1  would have leased or purchased; (2) leasing or purchasing an inferior product whose nature and

2  characteristics render it of a lesser value than represented; (3) incurring costs for diminished resale

3  value of the Affected Vehicles purchased or leased; (4) leasing and/or purchasing a product that

4  poses a danger to the health and safety of the public; (5) including increased costs to repair the

5  Affected Vehicles purchased, and (f) incurring costs for loss of use. Accordingly, the Court should

6  issue an injunction restraining and enjoining Defendant from sending or transmitting false and

7  misleading advertising to individuals or entities concerning the purported safety and quality of the

8  Affected Vehicles from Defendant.

9

10
**NINTH CLAIM FOR RELIEF**
**Unjust Enrichment**
11
**(On behalf of the Nationwide Class)**

12   103.   Each and every allegation of the preceding paragraphs is incorporated in this cause

13  of action with the same force and effect as though fully set forth herein.

14   104.   By its wrongful acts and omissions described herein, Defendant has obtained a

15  benefit by unduly taking advantage of Representative Plaintiff and Class Members.

16   105.   Defendant, prior to and at the time Representative Plaintiff and Class Members

17  decided to purchase the Affected Vehicles, knew and had knowledge and information that the

18  Affected Vehicles suffered from the aforementioned defects and vulnerabilities.

19   106.   Defendant was aware or should have been aware that reasonable consumers would

20  have wanted to know the facts pertaining to the Affected Vehicles' defects and vulnerabilities

21  before deciding whether or not to purchase and/or continuing to use them. Defendant was also

22  aware that, if the Affected Vehicles' defects and vulnerabilities were disclosed, it would negatively

23  affect the demand Representative Plaintiff and Class Members had to purchase the Affected

24  Vehicles.

25   107.   Defendant failed to disclose facts pertaining to the Affected Vehicles' defects and

26  vulnerabilities before Representative Plaintiff and Class Members made their decisions to purchase

27  and/or continue using them. Instead, Defendant suppressed and concealed such information. By

28  concealing and suppressing that information, Defendant denied Representative Plaintiff and Class

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1  Members the ability to make a rational and informed purchasing decisions and took undue

2  advantage of Representative Plaintiff and Class Members.

3      108.    Defendant was unjustly enriched at the expense of Representative Plaintiff and

4  Class Members. Defendant received profits, benefits, and compensation, in part, at the expense of

5  Representative Plaintiff and Class Members who purchased the Affected Vehicles. By contrast,

6  Representative Plaintiff and Class Members did not receive the benefit of their bargain because

7  they paid for products that did not satisfy the purposes for which they bought them.

8      109.    Since Defendant's profits, benefits, and other compensation were obtained by

9  improper means, Defendant is not legally or equitably entitled to retain any of the benefits,

10 compensation or profits it realized from the Affected Vehicles.

11     110.    Representative Plaintiff and Class Members seek an Order of this Court requiring

12 Defendant to refund, disgorge, and pay as restitution any profits, benefits, and other compensation

13 obtained by Defendant from its wrongful conduct and/or the establishment of a constructive trust

14 from which Representative Plaintiff and Class Members may seek restitution.

15

16 **<u>RELIEF SOUGHT</u>**

17     **WHEREFORE,** Representative Plaintiff, on behalf of herself and each member of the

18 proposed National Class and the California Subclass, respectfully requests that the Court enter

19 judgment in their favor and for the following specific relief against Defendant as follows:

20     1.    That the Court declare, adjudge, and decree that this action is a proper class action

21 and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P.

22 Rule 23 (b)(1), (b)(2), and/or (b)(3), including appointment of Representative Plaintiff's counsel

23 as Class Counsel;

24     2.    For an award of damages, including actual, nominal, punitive/exemplary, and

25 consequential damages, as allowed by law in an amount to be determined;

26     3.    That the Court enjoin Defendant, ordering them to cease and desist from unlawful

27 activities in further violation of California Business and Professions Code §17200, *et seq*.;

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1   4.      For equitable relief enjoining Defendant from engaging in the wrongful conduct

2   complained of herein;

3   5.      For injunctive relief requested by Representative Plaintiff, including but not limited

4   to, injunctive and other equitable relief as is necessary to protect the interests of Representative

5   Plaintiff and Class Members.

6   6.      For prejudgment interest on all amounts awarded, at the prevailing legal rate;

7   7.      For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

8   8.      For all other Orders, findings, and determinations identified and sought in this

9   Complaint.

10

11   **JURY DEMAND**

12   Representative Plaintiff, individually and on behalf of the Plaintiff Class(es) and/or

13   Subclass(es), hereby demands a trial by jury for all issues triable by jury.

14

15   Dated: August 3, 2022                     **COLE & VAN NOTE**

16

17   By: _/s/ Cody A. Bolce_____

18   Cody A. Bolce, Esq.
     Attorneys for Representative Plaintiff

19   and the Plaintiff Class(es)

20

21

22

23

24

25

26

27

28

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-23-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF